## SCHOFIELD, MARDER & CO. v. PETERSON.

*Appeal from Polk District Court — Saturday, February 24.*

VACATION OF JUDGMENT : NEW TRIAL.

THIS is a proceeding by petition by W. E. Peterson alone, to vacate a judgment, and it is instituted under Revision, sections 3499 and 3501. The original action was brought October 15, 1868, by plaintiffs, against "The Platform Publishing Company," and W. H. Fleming, W. S. Peterson, W. E. Peterson, W. H. Leas and others, as stockholders in said company, upon a note given by said corporation to plaintiffs for $608.97. The stockholder defendants were charged with and sought to be made liable for failure to comply with the requirements of the law, creating excessive liabilities, wrongful application of the funds, etc. The notice was duly served on all the defendants. October 28, 1868, it being the appearance term, a motion to dismiss the case was filed, signed " Sibley & Harbert, attorneys for defendants." At the same time, and on Nov. 7, 1868, an amended petition was filed setting out a copy of the note sued on, and specifying other grounds for charging the stockholders. On the 19th day of November, 1868, the motion to dismiss was overruled, and on the same day, plaintiffs, in writing, moved the court for default against all the defendants. And on the same day, also, a demurrer to the amended petition was filed, signed, as was the motion to dismiss, " Sibley & Harbert, for defendants. On November 23, 1869, the motion for default was overruled. At a succeeding term, and on March 23, 1869, the demurrer was overruled. Six days thereafter all the defendants, except W. S. Peterson and W. E. Peterson, filed their answer, denying the allegations of the petition, etc. At a following term and on December 2, 1869, the same defendants filed an amendment to their answer. On December 6th the cause came on for trial and was partially submitted to the jury ; and on the next day an entry was made of a default against W. E. Peterson and W. S. Peterson, and of the dismissal of the cause as to all the other stockholder defendants. Subsequently, and on the same day, the cause was fully submitted to the jury, and they retired ; and both parties had leave to amend their pleadings, the plaintiffs thereunder averring that the note was given for materials purchased for the company ; and the defendant, that the plaintiffs knew the company was indebted to the full extent of its limit when the note was executed, and that it had been paid. On the next day, December 8, 1869, the jury returned a verdict for the plaintiffs for the amount of the note and interest ; and judgment was afterward rendered thereon. This petition to vacate the judgment was filed September 24, 1870. Issue was taken thereon ;

and upon the trial the court overruled the petition at the costs of the party filing it, etc. The further facts are stated in the opinion. The defendant, W. E. Peterson, appeals.

*Barcroft & Gatch* for the appellant — *Phillips & Phillips* for the appellee.

COLE, J.— Upon the trial of the application, by petition, to vacate the judgment, the following facts appeared : That W. E. Peterson was, when the original action was brought, a married woman, and is still the wife of her co-defendant in said action, W. S. Peterson ; that Sibley & Harbert were employed to defend said action, by the other stockholder defendants, and not by W. S. or W. E. Peterson ; that W. S. Peterson had conversations about said case with said attorneys, and in a manner, showing that he regarded them as attorneys for himself and wife, and they would have so acted but for a request by the other stockholders not to do so. That the Petersons were charged by another attorney, since deceased, a retainer fee of $15 in the case ; that said attorney appeared for them and prevented a default at one time, making an argument thereon, and also appeared for them during the trial; and when the default was again asked, said attorney objected on the ground that the defendant, W. E. Peterson, was a married woman, and argued the objection ; whereupon the court took time to consider, and when, afterward, judgment by default was rendered, said attorney duly excepted for the defendants, Petersons, and had the same noted of record, of all which, he then advised the Petersons by letter. It also appeared that W. E. Peterson was a stockholder to the amount of $2,000, one-half only on each share being paid. It is also shown by the affidavit of W. S. Peterson that the attorney, so appearing for himself and wife, was not employed by them or authorized to appear for them. There is no denial, however, of the receipt of the letter from the attorney, stating what he had done, nor of the fact that they had full knowledge of all that had been done for them, and of the result of the case immediately thereafter.

We proceed now to dispose of the points presented by appellant's counsel. It is urged that the original petition did not set out a cause of action; that the amendment set out a different cause of action from the original notice; that the first ruling on the motion for default, denying it, was final and the subsequent default irregular ; that judgment by default upon the amended petition, without notice of it to the appellant, was irregular, and that the petition and amendment did not set out a cause of action.

It will be noticed by reference to the foregoing facts that the appellant, W. E. Peterson, was duly served with notice ; that she supposed that Sibley & Harbert were appearing for her and defending the action, and that, by the record, it is shown that they did appear for her in terms, by filing their motion to dismiss and their demurrer " for defendants."

So far, then, the defendant had the full and free benefit of the legal services she supposed she was going to have for pay. She is now in no condition to complain that they did not appear for her up to that time. Such appearance and demurrer obviated the necessity of any notice to her of the amendment, and this, even if it be true, that the amendment did embody a cause of action different from that stated in the original notice.

The refusal of the default, at one time, was no estoppel upon the court from granting a default at a subsequent time. There is no pretense but that, under the statute and the rules of the court, the default might properly have been granted when it was, the party having filed a demurrer which had been overruled. And the showing is very conclusive that an attorney did appear for the appellant and resist the default, and notified her, by letter, the very next day, of his efforts and the result. The receipt of this letter is not denied, nor is it in anyway shown that the appellant disapproved or disaffirmed the acts of the attorney, until her property is sought to be made liable to the judgment, some nine months thereafter. There was due service of notice, the case concerned her separate property, and she might have appeared by an authorized attorney, if she had employed one. The only reason given for not employing one is, that she thought the attorney for her co-defendants was appearing for her. Even slight diligence would have prompted the inquiry, at least, whether he was so appearing. In our view of the facts shown, there was no such diligence as will justify us in setting aside the default and judgment.

And, further than this, the appellant has failed to show any meritorious defense to the action. It is true she denies being a member, stockholder, officer or debtor of the company; but there are other affidavits stating that she was a member and stockholder of the company, and also a debtor to it, at the time the judgment was rendered in a greater amount than the plaintiff recovered. Whether the appellant, if her property shall be taken to pay the judgment, may not have her action against the other stockholders and debtors, is a matter upon which we intimate no opinion.

Affirmed.